Protective Order (~~proposed~~) 2.txt
IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
Civil Action No. 05-cv-00287-MK-MJW
ADA MENZIES,
Plaintiff,
v.
LA VETA SCHOOL DISTRICT RE-2; and
WAYNE GRAYBEAL,
DAVID MOLYNEUX. and
DEBBIE CHANNEL,
In their individual and official capacities,

Defendants.

_____

PROTECTIVE ORDER

_____

        Pursuant to the Joint Stipulated Motion for Protective Order filed by the
parties on June , 2005, the Court hereby Orders as follows:
        1.        This Protective Order governs the handling of all documents and
tangible materials related to Plaintiff's physical or mental health (collectively
"Medical Documents") in this civil action.
        2.        This Protective Order applies to parties, court reporters and court
personnel, and any person who agrees to be bound by the terms of this Protective
Order. "Person" means the named Parties and others who have agreed to be bound by
this Protective Order.
        3.        Anyone involved in this civil action, ("Designator") may designate
Medical Documents as "Confidential" subject to this Protective Order.
        4.        Confidential medical documents shall be used only to prepare for and
conduct this action (including any appeals). Confidential medical documents may be
disclosed only to counsel for the parties and employees of their firms who assist
them in this action; the Court and court personnel; consultants or experts retained
solely for this civil action; any person whom the Designator agrees to in writing;
persons presently employed or retained by a Designator; former employees of a
Designator called as witnesses; and anyone who executes Exhibit A pursuant to
paragraph 6 of this Protective Order. No confidential medical documents shall be
disclosed to anyone other than the named parties in this litigation or their counsel
until said person first signs an agreement with respect to the confidentiality of
such information in the form attached hereto as Exhibit A.
        5.        The parties may apply to the Court by motion under the applicable
rules of civil procedure for a ruling that a document produced pursuant to an
assertion of confidentiality and this Protective Order is not entitled to such
status and protection.
        6.        During a deposition conducted in this case, a deponent may only be
shown and examined about confidential documents produced if the deponent already
knows the confidential information contained therein or if the deponent signs a
confidentiality agreement in the form attached as Exhibit A.
        7.        The parties and deponents shall be permitted, within 30 days, or
such additional time as agreed to in writing by counsel for the Parties upon special
circumstances, after receiving a deposition, to designate pages of the transcript
and exhibits thereto as confidential. Confidential information within the deposition
transcript may be designated by underlining the portions of the pages that are
Confidential and marking such pages with the following legend or a similar legend:
"Confidential -- Subject to Protection Pursuant to Court Order." Until expiration of
the 30-day period, the entire deposition will be treated as subject to protection
against disclosure under this Protective Order. If no party or deponent timely
designates confidential information in a deposition, none of the transcript or its
exhibits will be treated as Confidential. If a timely designation is made, the
confidential portions and exhibits shall be filed under seal separate from the
portions and exhibits not so marked.
        8.        Stamped confidential documents shall not be filed with the clerk
except when required in connection with motions under Federal Rules of Civil
Procedure 12 or 56, motions to determine confidentiality under the terms of this
Page 1

Protective Order (proposed) 2.txt
Protective Order, and motions related to discovery disputes if the confidential
documents are relevant to the motion. Confidential material shall be filed under
seal with notice thereof to the Court and shall be maintained by the Court under
seal.  Consistent with D.C.COLO.LCivR 7.2 and 7.3
        9.      Within 120 days of the conclusion of this litigation, including
appeals, the parties shall return to opposing counsel all documents containing
information covered by this Protective Order, along with all copies thereof, and all
excerpts or summaries thereof.         October
        Dated this 19th day of _____, 2005.

                                        BY THE COURT:

                                        Michael J. Watanabe
                                        United States Magistrate

_____

Judge

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
Civil Action No. 05-cv-00287-MK-MJW
ADA MENZIES,
Plaintiff,
V.
LA VETA SCHOOL DISTRICT RE-2; and
WAYNE GRAYBEAL,
DAVID MOLYNEUX. and
DEBBIE CHANNEL,
In their individual and official capacities,

Defendants

_____

**EXHIBIT A TO PROTECTIVE ORDER - CONFIDENTIALITY AGREEMENT**

_____

        I, _____, the undersigned, being duly sworn, hereby acknowledge
that I have read the Protective Order issued by the Court in this action. I
understand the terms and conditions of such Protective Order governing the
restricted use of information and materials obtained from the Parties.  I hereby
agree to keep such information and materials confidential, and in all other respects
to be bound by the terms of the Protective Order.
        My current address and telephone number is:

_____

        I declare under penalty of perjury that the foregoing is true and correct.
Executed on:  _____
              DATE

_____

                                        Signature

1